UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANN RODRIGUEZ and
PATRICIA ADAMS,

                    Plaintiffs,                    No. 07-CV-12578-DT

vs.                                                  Hon. Gerald E. Rosen

CREDIT ACCEPTANCE CORPORATION;
WEBER & OLCESE, PLC; DUE PROCESS
OF MICHIGAN, INC.; ROBERT J.
REZNICK; ROBERT McKENNA and
KEN PATTERSON,

                      Defendants.
_____/

OPINION AND ORDER DENYING DEFENDANT WEBER & OLCESE, PLC'S
MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT

                    At a session of said Court, in the
                    U.S. Courthouse, Detroit, Michigan
                    on     February 7, 2008

                    PRESENT:   Honorable Gerald E. Rosen
                                   United States District Judge

I. INTRODUCTION

       Plaintiffs Ann Rodriguez and her daughter, Patricia Adams, filed their Complaint in this action on June 15, 2007 seeking damages for alleged tortious acts of process servers from Defendants Credit Acceptance Corporation (CAC), financers of a car purchased by Plaintiff Adams; Weber & Olcese, PLC, the law firm retained by CAC; Due Process of Michigan, Inc., the process service company; Robert J. Reznick, owner of

Due Process of Michigan, Inc.; and Robert McKenna and Ken Patterson, employees/ agents of Due Process of Michigan, Inc. and/or Reznick.

This action is presently before the Court on the Motion to Dismiss and/or Motion for Summary Judgment filed by Defendant Weber & Olcese P.L.C. on November 3, 2007. Having reviewed the parties' respective motions, briefs, and supporting documents, the Court has determined that oral argument is not necessary. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(e)(2), this matter will be decided on the briefs. This Opinion and Order sets forth the Court's ruling.

## II. PERTINENT FACTS

Plaintiff Patricia Adams financed the purchase of a used car through Defendant CAC or through another entity who sold the note to CAC. Allegedly, the car's engine "seized up" after the purchase and Plaintiff Adams defaulted on the payments.

CAC retained Weber & Olcese, and the firm filed suit against Plaintiff Adams in the Lapeer District Court on January 11, 2006. Adams did not answer the complaint and Weber & Olcese properly filed an application for default judgment and obtained the judgment on March 1, 2006.[1] On April 11 and May 10, 2006, the firm filed two requests for periodic garnishment that were issued and served on Plaintiff Adam's employers. Pursuant to MCR 3.103, a writ of execution was filed and signed by the Lapeer District Judge on August 17, 2006.

Thereafter, Weber & Olcese retained the services of Due Process of Michigan. Plaintiffs allege that on September 5, 2006, between 8:30 and 9:00 p.m., Defendants Robert McKenna and Ken Patterson, employees of Due Process, came to their home,

---

[1] The default judgment is in the amount of $9,607.55.

announced that they were "Sheriff's deputies, flashed what appeared to be police badges" and "insisted that they be allowed into the home." Plaintiffs further allege that McKenna and Patterson demanded money, threatened to take personal property, and refused to leave the home.[2] Allegedly, Plaintiff Adam's 18-year-old boyfriend, Jacob Schlaud, appeared and borrowed $200 from his family to give to McKenna and Patterson. Plaintiff Rodriguez also gave the men a post-dated check when she returned home.[3] Also on September 5, 2006, McKenna signed and filed a partial payment receipt and inventory of seized property with the court.[4]

### III. DISCUSSION

#### A. STANDARDS APPLICABLE TO MOTIONS FOR SUMMARY JUDGMENT

Summary Judgment is proper "'if the pleadings, depositions, answer interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Fed. R. Civ. P.56(c).

Three 1986 Supreme Court cases – M*atsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986); A*nderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) – ushered in a "new era" in the standards of review for a summary judgment motion. These cases, in the aggregate,

---

[2] McKenna and Patterson allegedly ordered Adams and her siblings, Mario, Carmen, and David, to remain in the kitchen.

[3] Allegedly, the men instructed Rodriguez to make the check out for $400 rather than $300.

[4] The receipt indicates that McKenna collected $600 from plaintiff Adams: $200 in cash, and $400 in the form of a check.

lowered the movant's burden for a summary judgment motion.[5] According, to the

*Celotex* Court,

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear burden of proof.

*Celotex*, 477 U.S. at 322.

After reviewing the above trilogy, the Sixth Circuit established a series of principles to be applied to motions for summary judgment. They are summarized as follows:

> \* The movant must meet the initial burden of showing "the absence of a genuine issue of material fact" as to an essential element of the non-movant's case. This burden may be met by pointing out to the court that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case.
>
> \* The respondent cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must "present affirmative evidence in order to defeat a properly supported motion for summary judgment."
>
> \* The trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact.
>
> \* The trial court has more discretion than in the "old era" in evaluating the respondent's evidence. The respondent must "do more than simply show that there is some metaphysical doubt as to the material facts." Further, "[w]here the record taken as a whole could not lead a rational trier of fact to find" for the respondent, the motion should be granted. The trial court has at least some discretion to determine whether the respondent's claim is plausible.

---

[5]"Taken together the three cases signal to the lower courts that summary judgment can be relied upon more so than in the past to weed out frivolous lawsuits and avoid wasteful trials." 10A C. Wright, A. Miller, M. Kane, Federal Practice & Procedure, § 2727, at 35 (1996 Supp.).

*Betkurer v. Aultman Hospital Association*, 78 F.3d 1070, 1087 (6th Cir. 1996). *See also, Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989); *Bennett v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005).

If, as here, a party files a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure and relies upon matters outside of the pleadings that are presented to and not excluded by the Court, "the motion shall be treated as one for summary judgment and disposed of as provided under Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56." Fed. R. Civ. P. 12(b); *see also, Vashi v. Charter Township of West Bloomfield*, 159 F. Supp. 2d 608, 612 (6th Cir. 2001). The Court will apply the foregoing standards in deciding Weber & Olcese's motion in this case.

B.  DISCOVERY IS STILL ONGOING, INCLUDING DISCOVERY ON THE ISSUES PRESENTED IN THE INSTANT MOTION

Defendant Weber & Olcese argues that it is not liable for the acts of Due Process of Michigan or its agents or employees because Due Process was retained by the law firm as an independent contractor. "As a general rule, an employer of an independent contractor is not liable for the contractor's negligence or the negligence of the contractor's employees." *Oberle v. Hawthorne Metal Products*, 192 Mich. App. 265 (1991); *Bosak v. Hutchinson*, 422 Mich. 712, 714 (1985).

The proper test for deciding whether a party is liable under respondeat superior is the "right to control" test. H*offman v. J.D.M. Associates*, 213 Mich. App. 466, 468 (1995). An independent contractor is "one who, carrying on an independent business,

contracts to do work without being subject to the employer's right of control over the method of work but only as to the result to be accomplished." *Kamalnath v. Mercy Memorial Hosp Corp.*, 194 Mich. App. 543, 553 (1992), quoting *Parham v. Preferred Risk*, 124 Mich. App. 618, 622-623 (1983). Factors that need to be analyzed to be determined whether a party is an employee or independent contractor include:

> the independent nature of his business, the existence of a contract for the performance of a specified piece of work, the agreement to pay a fixed price for the work, the employment of assistants by the employees who are under his control, the furnishing by him of the necessary materials, and his right to control the work while it is in progress except for the results.*Stratton v. Maine*, 336 Mich. 163 (1953); *Marchand v. Russel*, 257 Mich. 96, 100-101 (1932); *Harnisko v. Fitzpatrick Bros.*, 232 Mich. 593, 595 (1925); *Zoltowski v. Ternes Cool*, 214 Mich. 231, 233 (1921).

Although Michigan courts have not addressed the issue of whether a process server like Due Process of Michigan and its employees/agents are independent contractors, courts in other jurisdictions have determined that process servers are clearly independent contractors and those who utilize their services cannot be held vicariously liable for the tortious acts of process servers. The Court of Special Appeals of Maryland examined the "right of control" issue in detail in K*ersten v. Ban Grack, Axelson & Williamowsky, PC*, 608 A.2d 1270 (Md. App. 1992), for example. *See also*, *Crouch v. J.J. Marshall & Associates, Inc.*, No. 1:07-cv-477, slip op. at 2, (W.D. Mich. Oct. 26, 2007) (holding that debt collectors are independent contractors, not agents or employees, quoting *Randolf v. IMBS, Inc.*, 368 F.3d 726,729 (7th Cir. 2004)).

However, within the context of *respondeat superior* liability for wrongful execution, a creditor or creditor's attorney may be held liable where it ratifies the

wrongful execution by accepting the proceeds of the wrongful execution." *See* Plaintiffs' brief, p. 7, ¶ 1 citing *Harvey v. McAdams*, 32 Mich. 472 (1875).

Plaintiffs maintain that Weber & Olcese had "actual notice" of Due Process's alleged tortious acts and ratified said conduct. Defendant counters that Plaintiffs have failed to come forward with affirmative evidence to support this claim. However, as the plaintiffs point out the notice/ratification issue is one of the hotly contested areas of discovery. Plaintiffs have, in fact, demonstrated (in connection with various discovery motions post-dating the instant motion for summary judgment) that they have evidence of notice and ratification on the part of Weber & Olcese, *see e.g.,* Plaintiffs' Motion for Extension of Discovery [Dkt. # 29 and, in particular, Exhibits 5 and 6 appended thereto], and also have issued subpoenas (which Defendants have moved to quash) for the production of additional evidence by a number of non-parties which will support their claim. The issue of the subpoenas, as well as a number of other discovery issues, including issues involving discovery requests raising the question of whether Weber & Olcese exercised control over the actions of Due Process, or individual defendants Reznick, McKenna and Patterson, are presently pending before U.S. Magistrate Judge R. Steven Whalen.

Further, because Defendants have contested and obstructed Plaintiffs' discovery attempts, Plaintiffs have recently filed a motion to extend discovery (and all other deadlines, including the dispositive motion deadline) which the Court has under consideration. (The Court also has under consideration Plaintiffs' recently filed motion

to amend their complaint to add additional parties whose addition, after discovery, may support their Section 1983/1985 claim of conspiracy.)

As indicated above, pursuant to Fed. R. Civ. P. 56, where, as here, a Rule 12(b)(6) motion is converted to a Rule 56 motion by virtue of the movant's reliance on matters outside the pleadings, the opposing party "**shall** be given reasonable opportunity to present all material made pertinent to such motion by Rule 56."

Defendant filed this motion on November 3, 2007. At that point, discovery had just begun. The dispositive motion cut-off under the current scheduling order is still a month away. And, as indicated, Plaintiffs have requested an extension of all deadlines. Because discovery is still ongoing and Plaintiffs are still in the process of obtaining pertinent discovery, the Court finds that, under the circumstances presented, Defendant Weber & Olcese's motion for summary judgment is premature. Plaintiffs are entitled to complete discovery needed to properly respond to Defendant's motion before the Court is called upon to rule.

For the foregoing reasons,

IT IS HEREBY ORDERED that Defendant Weber & Olcese's Motion to Dismiss and/or for Summary Judgment [Dkt. # 13] is DENIED, without prejudice to the right to re-file a dispositive motion after the close of discovery.

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated: February 7, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 7, 2008, by electronic and/or ordinary mail.

                                s/LaShawn R. Saulsberry
                                Case Manager